UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NUMBER: 04-114-09-RBW |
| v. ) | |
| ) | FILED UNDER SEAL |
| RODRIGO TOVAR-PUPO, ) | |
| Defendant. ) | |
| ) | |

**FILED**

**NOV 2 3 2011**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## GOVERNMENT'S MOTION FOR COURT TO ISSUE MOTIONS AND HEARING SCHEDULE

Comes now the United States of America, by and through the undersigned attorney, and hereby requests that this Court issue a motions and hearing schedule related to Defendant's Motion To Withdraw His Plea. In support thereof, the Government states the following:

On September 9, 2011, the Court conducted a status hearing in the above-captioned case in which the parties discussed the necessity of Defendant's waiver of his attorney-client privilege as it relates to prior defense counsel and Defendant's pending Motion To Withdraw His Plea. At the conclusion of that hearing, the Court ordered Defendant to produce a signed waiver by September 21, 2011. The remainder of the schedule (Government's opposition, Defendant's response, and hearing) was predicated on timely receipt of that waiver.

Defendant subsequently requested an additional week (to September 28, 2011) to obtain this waiver, which the Government did not oppose.

On October 6, 2011, the Government filed a request with the Court to vacate the motions and hearing schedule, as the Government had not yet received a signed waiver from Defendant. At that time, both parties agreed to collaborate in order to produce a mutually agreeable waiver. Accordingly, the Court granted the Government's request to vacate the motions and hearing schedule and requested that the Government inform the Court immediately upon receipt of

Defendant's signed waiver so that the Court could issue a status hearing date and/or a new motions and hearing schedule.

On November 4, 2011, the Government informed the Court's staff that the parties had come to an agreement on the waiver language, and that the Government would inform the Court once the signed waiver was received from Defendant.

On November 21, 2011, the Government received a copy of Defendant's signed waiver (copy attached). The Government now proposes the following motions and hearing schedule:[1]

1) The Government's opposition to Defendant's Motion To Withdraw His Plea will be filed on or before January 31, 2012.[2]

2) Defendant's response to the Government's opposition will be filed by February 15, 2012.

3) The hearing on Defendant's Motion To Withdraw His Plea will be held during the week of March 19, 2012 or sometime thereafter, subject to the Court's availability.

If the Court is unable to accommodate the above-proposed dates, the Government requests a status hearing to address a new motions and hearing schedule.

---

[1] Upon receipt of the signed waiver, the Government proposed the schedule above to defense counsel. Defense counsel indicated that he may oppose the proposed schedule.

[2] Originally, the Government requested a period of 45 days to respond to Defendant's motion after receipt of the signed waiver. The waiver allows the Government to speak with prior defense counsel in order to adequately respond to Defendant's motion. The Government contacted prior defense counsel, whose practice is located in Miami, Florida, on November 17, 2011 and learned that he likely will not be available to meet with the Government until sometime after the beginning of the new year. Accordingly, the Government is requesting a slightly longer period of time than originally requested to respond to Defendant's motion.

**WHEREFORE**, the Government respectfully requests that the Court order a new motions and hearing schedule based upon the above-proposed dates or, in the alternative, schedule a status hearing to address this matter.

By:

ARTHUR WYATT, Chief
Narcotic and Dangerous Drug Section
United States Department of Justice
Criminal Division

*/s/ Stephen M. May*

Stephen May, Assistant Deputy Chief
Narcotic and Dangerous Drug Section
United States Department of Justice
Criminal Division
1400 New York Avenue, Northwest
Washington, D.C. 20005
Main Office: (202) 514-0917
Fax: (202) 305-9825
Stephen.May@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing GOVERNMENT'S MOTION FOR COURT TO ISSUE MOTIONS AND HEARING SCHEDULE was filed on this 23rd day of November, 2011, and that a copy will be served on the following, via e-mail:

*Counsel for Defendant Tovar-Pupo*
Barry Coburn, Esquire
Coburn & Greenbaum PLLC
1710 Rhode Island Avenue, Northwest
Second Floor
Washington, D.C. 20036
Office: (202) 643-9472
barry@coburngreenbaum.com

                                                  _____
                                                  Stephen May, Assistant Deputy Chief
                                                  Narcotic and Dangerous Drug Section
                                                  United States Department of Justice
                                                  Criminal Division

Defendant Rodrigo Tovar-Pupo hereby effectuates the following express waiver of his attorney-client privilege with respect to the following counsel:

Joaquin Perez
Heather Shaner
Robert Feitel

By effectuating this waiver, Defendant asserts that he may have participated in confidential communications with each of these attorneys for the purposes of legal representation in the instant matter.

This waiver applies to all subject matter set forth in Defendant's Motion To Withdraw His Plea and to all other communications relating to the same subject matter.

Specifically, this waiver applies to any and all communications related to Defendant's decision to plead guilty in this case, and to all other communications related to Defendant's Motion To Withdraw His Plea. Communications include all written, spoken, and non-verbal forms of communication between Defendant and the three attorneys listed above. Communications also include any and all legal advice provided to Defendant by the three attorneys listed above relating to Mr. Pupo's decision to plead guilty, including but not limited to attorney opinions, mental impressions, legal conclusions, and recommendations communicated to Defendant.

This waiver further applies to any and all attorney work-product related to the subject matter set forth in Defendant's Motion To Withdraw His Plea. Attorney work-product includes, but is not limited to, opinion and non-opinion work-product, tangible and intangible work-product, attorney notes, mental impressions, legal conclusions, and any other work-product related to the deliberative process.

No waiver as to any other counsel, or any other subject matter, is intended or shall be construed from this limited waiver.

Use of this waiver is strictly limited to proceedings related to Defendant's Motion To Withdraw His Plea. Any information obtained by the Government by means of this waiver will not be used in any proceedings that may follow the disposition of Defendant's Motion To Withdraw His Plea.

*Rodrigo Tovar P.*