UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 04-114-09-RBW |
| | ) | <u>UNDER SEAL</u> |
| RODRIGO TOVAR PUPO, | ) | |
| Defendant. | ) | |

### DEFENDANT'S MOTION TO VACATE SENTENCING DATE, SET A BRIEFING SCHEDULE, AND SET A DATE FOR AN EVIDENTIARY HEARING ON DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

Defendant Rodrigo Tovar Pupo, by and through undersigned counsel, respectfully moves this Court to vacate the date set for Mr. Tovar Pupo's sentencing; establish a briefing schedule that would permit both sides to provide supplemental submissions concerning Defendant's Motion To Withdraw Guilty Plea; and set a date for an evidentiary hearing on the motion. Grounds for these requests are as follows:

1. On Friday, January 17, 2014, the government informed the Court by e-mail that it would oppose the request made in our Renewed Motion To Withdraw Guilty plea that Mr. Tovar Pupo's sentencing date be vacated. It had been our impression that the government would not oppose this request. Accordingly, we formally move for vacation of the sentencing date, establishment of a briefing schedule, and for an evidentiary hearing. We seek in this motion to convey to the Court the reasons for the delay in this matter, and for the twists and turns this case has taken.

2. This criminal case has had an exceptionally long and tortured procedural history. Undersigned counsel entered the case after Mr. Tovar Pupo's prior counsel, who had moved for withdrawal of Mr. Tovar Pupo's plea of guilty, was disqualified based on a conflict of interest. Shortly after we entered our appearance, we were

approached by an attorney for the government. This attorney, who is no longer in the Narcotics and Dangerous Drugs Section, proposed a methodology by which Mr. Tovar Pupo might be able to move forward with his cooperation and sentencing, and still address at least some of the concerns that led him to move to withdraw his guilty plea. We took this proposal seriously. We spent many hours discussing it with our client. Ultimately, following intensive effort by both parties, as well as the Defendant, we developed a joint statement, which, it was understood, would be utilized in connection with Mr. Tovar Pupo's sentencing. Based upon the existence of this joint statement, we withdrew Mr. Tovar Pupo's motion to withdraw his guilty plea.

3. A number of circumstances then ensued which caused our client to become extremely concerned about this joint sentencing statement, and about the withdrawal of his motion to withdraw his guilty plea. We are reluctant to delineate these concerns in detail in this motion, in part because they are privileged. We would, of course, be prepared to proffer them to the Court, *ex parte,* if ordered to do so. We emphasize, however, that Mr. Tovar Pupo never has sought to waste this Court's time, nor our or the government's resources. Nor is our client acting erratically. He is thinking very carefully about the choices facing him. Moreover, it is critical that we not do what, according to the motion to withdraw guilty plea, his initial counsel in this matter did: We must ensure that we do not act in such a way as to risk overwhelming his best judgment as to how to proceed.

4. Unquestionably, an extraordinary amount of time has been expended by all

concerned in this case. The case, however, is a very serious one. If Mr. Tovar Pupo is sentenced and does not receive any credit for cooperation, he could easily remain incarcerated for most or all of the rest of his life. Further, we believe that all parties agree that the underlying facts of this case are extraordinary in a number of respects, given Mr. Tovar Pupo's political and related activities for many years in Colombia, and the relationship of those activities to the charges in this case.

5. Most significantly, Mr. Tovar Pupo's motion to withdraw his guilty plea presents serious and significant factual and legal issues. If the allegations in his motion are factually accurate, it would appear that a substantial basis would exist for withdrawal of his guilty plea, and for concern regarding the circumstances leading to his tender of his guilty plea. *Inter alia*, his motion alleges:

    - Mr. Tovar Pupo's counsel, at the time he tendered his plea of guilty, was operating under an actual conflict of interest because of his representation of other individuals facing related allegations. No valid waiver was obtained by prior counsel.

    - Mr. Tovar Pupo did not receive constitutionally adequate legal advice from his prior counsel. Rather, prior counsel sought to overbear Mr. Tovar Pupo's will and to intimidate and manipulate him into pleading guilty.

    - Mr. Tovar Pupo's prior counsel worked together with one of Mr. Tovar Pupo's co-defendants to pressure Mr. Tovar Pupo into pleading guilty, based on the belief that a guilty plea from Mr. Tovar Pupo would benefit

the co-defendant, as well as another client represented by Mr. Tovar Pupo's prior counsel. Further, it was believed that a guilty plea would prevent Mr. Tovar Pupo's other clients from being cross-examined about their paramilitary activities in Colombia. The intention was that at least one of Mr. Tovar Pupo's prior counsel's other clients would receive "cooperation credit" for his efforts to induce Mr. Tovar Pupo to plead guilty. In so doing, it appears that this other client provided false information to Mr. Tovar Pupo.

- Mr. Tovar Pupo's prior counsel, and his co-defendant, erroneously advised Mr. Tovar Pupo about the legal significance of his conduct in Colombia, in order to induce him to plead guilty.

- Mr. Tovar Pupo's prior counsel enlisted assistance from a prosecutor – who, initially, worked for the Department of Justice and later worked together with Mr. Tovar Pupo's prior counsel – to bring about Mr. Tovar Pupo's plea of guilty. The involvement of this lawyer, it is argued in the motion, created an irretrievable taint upon the plea of guilty.

- Mr. Tovar Pupo's prior counsel repeatedly ignored inquiries and requests for information from Mr. Tovar Pupo.

- Mr. Tovar Pupo's claim of actual innocence is substantive, and is explicated in detail in the motion to withdraw his guilty plea.

- If permitted to make a supplemental submission, it is anticipated that considerable additional detail would be presented to the Court. Prior to our exploring the government's offer of conciliation, it was intended that

      this matter would be resolved following an evidentiary hearing. It is respectfully submitted that an evidentiary hearing is as necessary now as it was prior to the parties' attempts to conciliate this matter.

6. Mr. Tovar Pupo should not be penalized for trying as hard as he did to conciliate these issues, in response to a proposal made by the government. The issues presented in his motion to withdraw his guilty plea should be litigated and resolved on the merits, as was contemplated before the government made the above-referenced offer of conciliation. Accordingly, it is respectfully submitted that the relief sought in this motion should be granted. No basis exists for denying Mr. Tovar Pupo the evidentiary hearing that was contemplated before we, and he, sought to respond as diligently and seriously as we did to the offer of concilation made by prior government counsel.

                Respectfully submitted,

                /s/ Barry Coburn
                _____
                Barry Coburn
                DC Bar No. 358020
                Coburn & Greenbaum PLLC
                1710 Rhode Island Avenue, N.W.
                Second Floor
                Washington, DC 20036
                (202) 643-9472

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of January 2014, I caused a copy of the foregoing to be sent via electronic mail to:

Paul Laymon, Esq.
U.S. Department of Justice
Section of Narcotics and Dangerous Drugs
Washington, DC  20001


/s/ Barry Coburn
_____
Barry Coburn