UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | Crim. No. CR-04-114-09 (RBW) |
| | ) | (UNDER SEAL) |
| RODRIGO TOVAR-PUPO | ) | |
| | ) | |
| Defendant. | ) | |

### RESPONSE TO RENEWED MOTION TO WITHDRAW GUILTY PLEA AND MOTION TO VACATE SENTENCING DATE

**COMES NOW** the United States of America, by and through the undersigned attorney, and responds to the defendant's Renewed Motion to Withdraw Guilty Plea, filed on January 17, 2014, and the defendant's Motion to Vacate Sentencing Date, filed on January 20, 2014. In these motions, defendant moves the District Court to set a briefing schedule so that the defendant can supplement his original motion to withdraw, filed on June 30, 2011. Defendant further moves for an evidentiary hearing on his motion to withdraw, and also asks the District Court to vacate the date set for the sentencing hearing (March 7, 2014). For the reasons set forth below, the government agrees that the defendant should be permitted to file additional material in support of a motion to withdraw his guilty plea. However, the government opposes the setting of a date for an evidentiary hearing and opposes the request to vacate the date for the sentencing hearing.

On January 31, 2012, the government filed a response in opposition to the defendant's original motion to withdraw his guilty plea (the motion filed on June 30, 2011). In that

opposition, the government argued at length that the defendant was precluded from withdrawing his guilty plea and that the defendant was not entitled to an evidentiary hearing.  The government maintains and continues to believe that the defendant is precluded from withdrawing his guilty plea and that the defendant is not entitled to an evidentiary hearing.

Neither of the defendant's motions filed in January 2014 set out any new matters not raised in the original motion to dismiss filed in 2011.   Arguably, defendant abandoned his original 2011 motion to withdraw when he appeared before the District Court on March 23, 2012 and informed the District Court that he (the defendant) was giving up his motion to withdraw.  However, F.R.Cr. P. 11(d)(2)(B) notes that a defendant "may" be permitted to withdraw a plea of guilty after the court accepts the plea and before the defendant is sentenced (if the defendant can satisfy the heavy burden imposed by the law).  Given that the defendant has not been sentenced and Rule 11(d)(2)(B) does not on its face prevent this defendant from seeking to yet again withdraw his guilty plea, the government agrees that the defendant should be permitted to file additional material in support of a motion to withdraw his guilty plea. The government should then be permitted to respond to any new filing.

However, the government opposes the setting of an evidentiary hearing and opposes vacating the date for the sentencing hearing, now set for March 7, 2014.  Whether the defendant is entitled to an evidentiary hearing depends in part upon the existing record and any additional information he provides to support a motion to withdraw his plea.  Thus, the time is not ripe for setting a date for an evidentiary hearing.  Further, the sentencing hearing date should not be vacated at this time, because the District Court may well resolve this issue before the date of the sentencing hearing.

The parties are very familiar with the facts and issues in this case, and should only need a modest amount of time to supplement the existing record.  The government suggests that any additional material in support of a motion to withdraw the defendant's plea be filed by February 14, with the government's response due by February 24, 2014.

**WHEREFORE**, for the foregoing reasons, the government respectfully asks the District Court to grant the relief requested in this response.

Respectfully submitted,

_____-s-_____
Paul W. Laymon
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division, Department of Justice
(202) 514-1286
paul.laymon@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion was provided to defense counsel Barry Coburn on January 30, 2014 via electronic mail.

_____-s-_____
Paul Laymon
Trial Attorney, DOJ