UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Case No. 04-CR-114-09-RBW |
| RODRIGO TOVAR PUPO, | |
| Defendant. | |

FILED
MAR 31 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## DEFENDANT RODRIGO TOVAR PUPO'S MOTION TO DISMISS

Defendant Rodrigo Tovar Pupo, through counsel, respectfully moves to dismiss the indictment against him for lack of jurisdiction. Pursuant to Fed.R.Crim.P. 12(b)(2), this motion "may be made at any time while the case is pending."[1]

This Court has exercised jurisdiction over this case pursuant to 18 U.S.C § 3231, which provides that the "district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Our contention is that since the charging document in this case fails to allege an offense against the United States, this Court lacks jurisdiction over it.

The crux of our contention is that, during the time Mr. Tovar Pupo exercised supervisory control over a segment of territory in Colombia, he was acting pursuant to *de facto* governmental authority. This is entirely consistent with the testimony of Nodier Giraldo, whose testimony the government elicited as potential trial testimony. The

---

[1] Were this motion instead considered a motion to dismiss for failure to allege a criminal offense, pursuant to Fed.R.Crim.P. 12(b)(3)(B)(iv), then leave respectfully is requested, pursuant to Fed.R.Crim.P. 12(c)(3), to file this motion out of time. Good cause is provided by the long procedural history of this matter as detailed in our submissions seeking leave to withdraw Mr. Tovar Pupo's guilty plea, which we respectfully seek to incorporate by reference here. In particular, our contention is that given the pressure applied by Mr. Tovar Pupo's prior counsel upon him to plead guilty, he could not reasonably be expected to have filed a motion to dismiss prior to entry of his guilty plea.

government of the country of Columbia had abdicated responsibility for this territory. Further, liaisons existed between the organization of which Mr. Tovar Pupo was a part and both the government of Colombia and the United States government. Accordingly, the taxing and other authority Mr. Tovar Pupo exercised was deployed with the tacit, and to some degree explicit, consent of the government of Colombia and the United States government. He did not harbor an objective contrary to the laws of the United States, even if the government contends that he had reason to believe that some of the drug traffickers' cargo may have been destined for the United States.

Accordingly, the taxing authority over which Mr. Tovar Pupo exercised some supervisory authority was legitimate, not illegitimate. Legitimate collection of taxes, even taxes based upon illegal activity, cannot be a basis for criminal liability, even if – arguably – such an exercise of a quasi-governmental function could, in some manner, facilitate criminal activity elsewhere. *See generally Department of Revenue v. Kurth Ranch*, 511 U.S. 767 (1994); *Lynn v. West*, 134 F.3d 582 (4th Cir. 1988). Further, such conduct does not constitute criminal activity over which this Court has jurisdiction pursuant to 18 U.S.C. § 3231. Nor did Mr. Tovar Pupo ever admit that he *shared the criminal objective of the drug traffickers in question.* Sharing the criminal objective of one's co-conspirators is an essential element of the offense. *Braverman v. United States*, 317 U.S. 49 (1942); *United States v. Falcone*, 311 U.S. 205, 210 (1940) ("the gist of the offense of conspiracy . . . is agreement among the conspirators to commit an offense attended by an act of one or more of the conspirators to effect the object of the conspiracy"); *United States v. Hitt*, 249 F.3d 1010, 1015 (D.C. Cir. 2001). Neither the indictment, the Statement of Facts to which Mr. Tovar Pupo agreed, nor the colloquy in

Mr. Tovar Pupo's colloquy in open court pursuant to Fed.R.Crim. P. 11 contradict these propositions. Mr. Tovar Pupo's interest in performing a quasi-governmental function – collection of taxes, even the provision of security to the population under his supervision – does not constitute a conspiracy in violation of the laws of the United States, so long as he did not intend to achieve the drug traffickers' objective of selling narcotics.

Accordingly, it is respectfully submitted that this case should be dismissed.

Date:   March 31, 2015                                  Respectfully submitted,

/s/ Barry Coburn
Barry Coburn
DC Bar No. 358020
Tel: (202) 643-9472
barry@coburngreenbaum.com
Lloyd Liu
DC Bar No. 1007075
lloyd@coburngreenbaum.com
Tel: (202) 470-1689
COBURN & GREENBAUM PLLC
1710 Rhode Island Avenue, NW
Suite 200
Washington, DC 20036
*Counsel for Rodrigo Tovar Pupo*

CERTIFICATE OF SERVICE

    I hereby certify that I served a true copy of this filing on the following counsel by e-mail and first-class mail, this 31st day of March, 2015:

Paul Laymon, Esq.
U.S. Department of Justice, NDDS
1400 New York Avenue, N.W.
Eleventh Floor
Washington, DC 20530


                                                      /s/ Barry Coburn
                                                     Barry Coburn

4