# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

*Leave to file is granted.*
*Judge Walton*
*6/27/16*

**UNITED STATES OF AMERICA**
**(PLAINTIFF),**

**VS.**

**CASE NO. O4-CR-114-09-RBW**

**FILED**

**RODRIGO TOVAR PUPO**
**(DEFENDANT),**

JUN 2 7 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MOTION FOR RETURN OF PROPERTY

 

**COMES NOW**, Rodrigo Tovar Pupo, filing *in pro se*, requesting this Honorable Court to

Order the Government the Return Of Property, The property in question is (1) a black leather

briefcase, (2) one billfold which contained Colombian citizenship and military identification card(s),

(3) a black Spanish bible w/$100 bill that was used for a bookmarker, and (4) eight USB.

The property was handed over to the U.S. Government at the same time Defendant was

turned over to the Government via extradition. Defendant asks for the said property in good faith

and asserts that the property was not being furnished or intended to be furnished in exchange for

controlled substance. Defendant consents for the property to be turned over to **Jairo De Castro** at

**4015 61st Apt. 6-B Woodside, NY., Flushing, NY. 11377.**

**WHEREFORE PREMISES CONSIDERED**, Defendant prays that said property be

returned in good faith.

RECEIVED
Mail Room

JUN 1

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

Respectfully Submitted,

DATED: June 9, 2016

Rodrigo Tovar Pupo
Rodrigo Tovar Pupo

## CERTIFICATE OF SERVICE

I declare under the penalty of perjury that my "Motion For Return Of Property" was deposited in the United States Mail box, First Class, Postage Prepaid to Paul W. Laymon, 145 N. Street NE, Washington, D.C. 20005 on June 9, 2016

*Rodrigo Tovar Pupo.*
Rodrigo Tovar Pupo

NAME _Dwight Jerome Pullen_
REG# 80519-004.
Federal Correctional Complex-Med
P.O. Box 3000-Medium
Forrest City, AR  72336

FEDERAL CORRECTIONAL INSTITUTION MEDIUM

DATE 6/21/16

THE ENCLOSED LETTER WAS PROCESSED THROUGH SPECIAL MAILING PROCEDURES FOR FORWARDING TO YOU. THE LETTER HAS BEEN NEITHER OPENED NOR INSPECTED. IF THIS WRITER RAISES A QUESTION OR PROBLEM OVER WHICH THIS FACILITY HAS JURISDICTION, YOU MAY WISH TO RETURN THE MATERIAL FOR FURTHER INFORMATION OR CLARIFICATION. IF THE WRITER ENCLOSES CORRESPONDENCE FOR FORWARDING TO ANOTHER ADDRESSEE, PLEASE RETURN THE ENCLOSURE TO THE ABOVE ADDRESS.

20001-284439

E. Barret Prettyman U.S. Courthouse
333 Constitution Ave. N.W.), RM 1225
Washington, D.C. 20001.



**FILED**

JUN 2 9 2016

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

JERMAINE A. GRAVES       )

      Petitioner,     )

                   )

   v.               )

                   )

UNITED STATES OF AMERICA   )

                   )

     Respondent.    )

**Civil No.**_____

**Criminal No.** 95-46-01(RCL)

**MOTION IN PURSUANT TO 28 U.S.C. § 2255 (F)(3)
AND 28 U.S.C. § 2255(A)**

    **COMES NOW,** Petitioner Jermaine A. Graves, hereby moves a United States District Court Judge--in light of **Johnson v. United States, 135 S. Ct. 2551 (2015) and Welch v. United States, 136 S. Ct. 1257 (2016),** for the following reasons:

    (1). Petitioner Jermaine A. Graves contends that--in light of **Johnson v. United States, 135 S. Ct. 2551 (2015),** that the subsection he had plead guilty to--which is--**§ 1962 (d)**--which reads--"It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section," is unconstitutionally vague as well.

    (2). Petitioner Jermaine A. Graves contends that--his judgment of conviction and sentence is void, null and ab initio in light of Johnson v. United States, 135 S. Ct. 2551 92015)--because of the language that permeates subsections **(a), (b), (c), and (d)--of § 1962**-- 18 U.S.C., is unconstitutionally vague.

    So, number one is to have his plea agreement void--due to the serious jurisdictional defects that permeates all through the subsections of **§ 1962**--of 18 U.S.C., and because he has entered this agreement--upon an Indictment which was fatally defective--because of being unconstitutionally vague, the United States District Court Judge--"MUST"--in the interest of justice--lean in the favor of the defendant--in pursuant to the rule of leniency. See, **Rewis v. United States, 401 U.S. 808, 812 (1971).**



RECEIVED
Mail Room

2 7 2016

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

1.

Second, Petitioner contends that his sentence was imposed in violation of the constitution, laws and treaties of the United States--in light of Johnson v. United States, 135 S. Ct. 2551 (2015)--for being unconstitutionally vague, and that the Court acted in access of its authority--as authorized by law. And for the stated facts, Petitioner respectfully demand that his sentence be vacated.

## BACKGROUND

On January 7, 1997, Petitioner Jermaine A. Graves was sentenced by United States District Court Judge Royce C. Lamberth upon entering a plea agreement for alleged subsection--§ 1962 (d) for a term of four hundred and twenty months. However, as of today--the Petitioner has served approximately--twenty two years and counting.

## STATUTORY AUTHORITY

**28 U.S.C. § 2255 Federal custody; remedies on motion attacking sentence**--(a) "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

**28 U.S.C. § 2255 (f) (3)**--"the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

**28 U.S.C. § 2241 Power to grant writ**--(a) "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had."

**28 U.S.C. § 2241 (c)**--"The writ of habeas corpus shall not extend to a prisoner unless--in the Petitioner's claim would fall under--(3)--"He is in custody in violation of the Constitution or laws or treaties of the United States."

2.

28 U.S.C. § 2241 (d)--"Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain  the application. The district court--------for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination."

## RELIEF SOUGHT

**WHEREFORE,** Petitioner Jermaine A. Graves reserve all rights, remedies and relief to--(1) have his alleged conviction vacated because of the plea he had entered was base upon--**§ 1962 of 18 U.S.C.** is unconstitutionally vague, as a matter of law, (2) set aside and correct his sentence--from four hundred and twenty months--to two hundred and forty months, (3) to abrogate his five years supervise release, (4) to grant him time served, (5) to enter his motion to dismiss the indictment and information-- for being fatally defected and not in accordance with law, (6) grant him an evidentiary hearing to further prove his claims for the relief sought, (7) order his immediate release from his un- lawful dentention, (8) entitle him to Judicial review--upon **Article III., section 1**--a judicial officer, (9) appoint him counsel to help him perfect his claims, (10) and hold that the age ncy action, rule, and order--to be in excess of its statutory authority. And the Petitioner reserves all rights to supplement, or amend his Petition--as necessary.

I **HEREBY DECLARE** and **VERIFY** under the penalty of perjury of the laws of United States of America that the foregoing facts are true, correct and complete to my own personal knowledge.

**EXECUTED,** on this $\partial\beta$ day of _ᘜᘜᘜ_ , 2016.

Respectfully;

By: _Jermaine Graves_
Jermaine A. Graves
Post Office Box 6000
Federal Correctional Inst.
Glenville, West Virginia

3.

## CERTIFICATE OF SERVICE

     **I HEREBY CERTIFY** that a copy of the said Motion in pursu-
ant to § 2255 (f)(3) & § 225 (a)--was served upon United States
Attorneys William M. Blier and Patricia M. Haynes at U.S. Atto-
rneys Office, 555-4th Street, N.W., Room 4126, Washington, D.C.
20003, by Certified Mail--7015 0604 0006 5244 0868, on this 23
day of June          , 2016. And the Petitioner hereby exerts the
mailbox rule--**Houston v. Lack, 487 U.S. 266.**


                                         By: _____
                                             Jermiane A. Graves

4.

**FROM:**  Jermaine A. Graves                    Date: June __, 2016.
          Post Office Box 6000
          Federal Correctional Institution
          Glenville, West Virginia


**TO:**    Clerk of Court
          Clerk's Office
           1225 E. Barrett Prettyman
          United States Courthouse
          333 Constitutional Avenue  N.W.
          Washington, D.C. 20001


**RE:**    TO DOCKET AND FILE MOTION IN LIGHT OF JOHNSON V. UNITED
          STATES


Dear Clerk,
        Please docket and file the Petitioner's motion for
relief in light of Johnson v. United States. And let the record
reflect that I hereby reserve all rights to further amend or
supplement my Petition--as necessary, and to give further argu-
ment.




                                    Respectfully;

                                    Jermaine Graves



JERMAINE GRAVES #18935-083
Federal Correctional Institution - G. Lmer
P.O. Box 6000
Glenville WV 26351

7015 1730 0000 3134 8678

Houston V. Lack. 487 200 1988 2379 2003

CERTIFIED MAIL®

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

Clerk of Court
333 Constitutional Avenue N.W.
United States Courthouse
1225 U. Barrett Freeman
Washington, D.C. 20001