# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 15-3077            September Term, 2017

FILED ON: MARCH 9, 2018

UNITED STATES OF AMERICA,
    APPELLEE

v.

RODRIGO TOVAR PUPO, ALSO KNOWN AS JORGE 40, ALSO KNOWN AS PARA TOVAR COLOMBIA,
    APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:04-cr-00114-9)

Before: HENDERSON and WILKINS, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*.

## JUDGMENT

This case was considered on the record from the United States District Court for the District of Columbia, and on the briefs and oral arguments of the parties. The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* FED. R. APP. P. 36; D.C. CIR. R. 36(d). It is

**ORDERED AND ADJUDGED** that the District Court's judgment is affirmed.

In this appeal, we consider Appellant's challenge to the District Court's denial of Appellant's motion to withdraw his guilty plea on the basis that one of his lawyers operated under an actual conflict. We also find that Appellant waived his right to challenge his sentence.

"Although withdrawal of a guilty plea prior to sentencing is to be liberally granted," a defendant must "show a fair and just reason for requesting the withdrawal." *United States v. Curry*, 494 F.3d 1124, 1128 (D.C. Cir. 2007) (quotation marks, alteration, and citations omitted). We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion, considering "(1) whether the defendant has asserted a viable claim of innocence; (2) whether the delay between the guilty plea and the motion to withdraw has substantially prejudiced the government's ability to prosecute the case; and (3) whether the guilty plea was somehow tainted." *Id.* (quotation marks omitted). In *Cuyler v. Sullivan*, the Supreme Court recognized that a defendant's Sixth Amendment right to effective assistance of counsel can be violated when the defendant shows that "an actual conflict of interest adversely affected his lawyer's

performance." 446 U.S. 335, 350 (1980).

The District Court did not abuse its discretion here. Appellant's motion to withdraw made no more than an insufficient "general denial" of guilt. *See United States v. Cray*, 47 F.3d 1203, 1209 (D.C. Cir. 1995). Appellant does not contest the factual predicate for the crime to which he pled guilty; rather, he argues that the facts do not make him a drug trafficker. *See, e.g.*, J.A. 78, 65-71; *see also* Appellant's Br. 7-13, 22. Appellant asserts no factual or legal theory of innocence, but merely states that he does not believe the course of conduct he admitted to in his plea deal makes him guilty of a crime. This is insufficient to show a viable claim of innocence.

Appellant also fails to demonstrate that his plea was tainted either by error in his plea colloquy or by deficiency in his counsel's performance. Appellant fails to show any Rule 11 errors committed by the District Court. *See* FED. R. CIV. P. 11. And he does not meet the "extremely heavy burden" a defendant must demonstrate to show that the proceedings were otherwise tainted. *See Cray*, 47 F.3d at 1208. Although the District Court found that Appellant's trial counsel operated under an actual conflict during plea negotiations, Appellant fails to show that the actual conflict "adversely affected his lawyer's performance." *See Cuyler*, 446 U.S. at 350. In fact, the District Court held a five-day long evidentiary hearing on this issue. The District Court heard the testimony of multiple witnesses, including Appellant's conflict-free counsel, and ultimately credited the testimony of those witnesses who – contrary to Appellant – testified to a benign series of events in the run-up to Appellant's plea agreement. *See* J.A. 192-93. We find no clear error in the factual findings of the District Court. *See Cray*, 47 F.3d at 1209 (deferring to a district court's credibility determinations, made at an evidentiary hearing on a defendant's motion to withdraw a guilty plea, and finding that the district court had not abused its discretion in denying that motion). At bottom, Appellant fails to show that his lawyer's conflict impacted the proceedings in any way, and he thus fails to demonstrate that the proceedings were tainted.

Appellant also attempts to challenge the sentence imposed by the District Court. Specifically, he challenges sentence enhancements based on his leadership role and use of a weapon to carry out his role in the drug-trafficking conspiracy. *See* Appellant's Br. 22-32. But Appellant's plea agreement contained an appeal-waiver provision that prevented Appellant from appealing his sentence absent a sentence that exceeded the statutory maximum or an upward departure from the Guidelines Range. J.A. 57-59. Because his plea agreement contained a valid appeal-waiver provision, and the sentence fell within the terms of the waiver, Appellant has waived his right to challenge his sentence here. *See United States v. Guillen*, 561 F.3d 527, 529 (D.C. Cir. 2009).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**PER CURIAM**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Ken Meadows
Deputy Clerk